IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LILLIAN SMITH | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-01527 |
| | § | |
| TRAVELERS CASUALTY | § | |
| INSURANCE COMPANY OF | § | |
| AMERICA | § | |

**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S
<u>SECOND AMENDED ANSWER</u>**

Pursuant to Fed. R. Civ. P. 15(a)(2), Travelers Casualty Insurance Company of America ("Travelers") files this Second Amended Answer and Defenses to Plaintiff, Lillian Smith's ("Plaintiff") Original Petition consistent with Plaintiff's written consent, and would respectfully show the Court as follows:

<u>**ANSWER**</u>

1.      Paragraph 1 of the Petition does not need a response.

2.      Paragraph 2 of the Petition recites a Texas state court procedure that is inapplicable in this removed action.  Discovery in this matter will be conducted in accordance with the Federal Rules of Civil Procedure.

3.      Travelers denies the allegations contained in paragraph 3 of the Petition.

4.      Travelers cannot admit or deny the allegations contained in paragraph 4 of the Petition.

5.      Travelers admits the allegations contained in paragraph 5 of the Petition.

6.      Travelers admits that jurisdiction is proper in this Federal District Court.  Travelers denies the remaining allegations contained in paragraph 6 of the Petition.

7.      Travelers admits that jurisdiction is proper in this Federal District Court.  Travelers denies the remaining allegations contained in paragraph 7 of the Petition.

8.      Travelers admits that venue is proper in this Federal District Court.

9.      Travelers admits that it sold a policy of insurance (policy number IL-PACP-5627P090-ACJ-13) (the "Policy") to Lillian H. Smith, Realtor that covered property located at 15 Houston Avenue, Westhoff, Texas (the "Property").  The Policy speaks for itself.  Travelers denies the remaining allegations contained in paragraph 9 of the Petition.

10.     Travelers admits it hired LWG Consulting to perform an evaluation of the Property.  Travelers denies the remaining allegations contained in paragraph 10 of the Petition.

11.     Travelers denies the allegations contained in paragraph 11 of the Petition.

12.     Travelers denies the allegations contained in paragraph 12 of the Petition.

13.     Travelers denies the allegations contained in paragraph 13 of the Petition.

14.     Travelers denies the allegations contained in paragraph 14 of the Petition and all of its subparts.

15.     Travelers denies the allegations contained in paragraph 15 of the Petition.

16.     Travelers denies the allegations contained in paragraph 16 of the Petition.

17.     Travelers denies the allegations contained in paragraph 17 of the Petition.

18.     Travelers cannot admit or deny the allegations contained in paragraph 18 of the Petition as they are not directed at Travelers.  To the extent Travelers needs to respond to the allegations in paragraph 18 of the Petition, denied.

19.     Travelers admits receiving correspondence from Plaintiff regarding her claim.  Travelers denies the remaining allegations contained in paragraph 19 of the Petition.

20.    Travelers denies the allegations contained in paragraph 20 of the Petition.

21.    Travelers denies that Plaintiff is entitled to receive any damages from Travelers and denies the allegations contained in paragraph 21 of the Petition and all of its subparts.

22.    Travelers denies that Plaintiff is entitled to receive any damages from Travelers, including any "unliquidated" damages as alleged in paragraph 22 of the Petition.

23.    Travelers denies that Plaintiff is entitled to receive any damages from Travelers, including any "exemplary" damages as alleged in paragraph 23 of the Petition.

24.    Travelers denies that Plaintiff is entitled to receive any damages from Travelers, including attorney fees as alleged in paragraph 24 of the Petition.

25.    Travelers acknowledges that Plaintiff has requested a jury in this case, but adds that the jury panel will be selected in accordance with the rules of this Federal District Court.

26.    Travelers denies the allegations contained in paragraph 26 of the Petition.

27.    Paragraph 27 of the Petition contains discovery requests under Texas state court rules that are inapplicable in this removed action.

28.    Paragraph 28 of the Petition does not require a response.

29.    Travelers denies that Plaintiff is entitled to any of the relief requested in the final unnumbered Paragraph of the Complaint, under the heading "**<u>PRAYER</u>**."

**<u>DEFENSES</u>**

**FIRST DEFENSE**
**<u>Failure to State a Claim</u>**

Plaintiff's causes of action against Travelers are barred in whole or in part because Plaintiff has failed to state a claim upon which relief can be granted.  Specifically, Plaintiff has failed to sufficiently describe a cause of action for Travelers' alleged breach of contract, or how such

allegations convert Plaintiff's claim into an alleged violation of the Texas Insurance Code and/or DTPA by Travelers.

**SECOND DEFENSE**
**Policy Provisions Limit or Preclude Coverage**

Some or all of Plaintiff's claims are excluded or limited by applicable policy terms, conditions, and exclusions contained in the Policy. The insurance policy issued by Travelers contains exclusions, provisions, conditions, and endorsements that preclude or limit coverage, in whole or in part, including, but not limited to, the following:

* * *

**INSURING COMPANY**
TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

**1.     NAMED INSURED AND MAILING ADDRESS**

> Lillian H. Smith, Realtor and/
> or Lillian H. Smith Realtor and
> Turnquist Partners Realtors, Inc. and/or
> Lillian H Smith, as an Individual
> P.O. Box 129
> Westhoff, Texas 77994

**2.     POLICY PERIOD:** From 01-26-13 to 01-26-14

**3.     DESCRIPTION OF PREMISES**

| PREM. LOC. NO. | BLDG. NO. | OCCUPANCY | ADDRESS |
|---|---|---|---|
| 01 | 01 | Real Estate | 15 Houston Ave<br>Westhoff, Texas 77994 |

* * *

BUSINESSOWNERS PROPERTY COVERAGE

PREMISES LOCATION NO. 1                    BUILDING NO. 1

COVERAGE                    LIMIT OF INSURANCE
 *Replacement Cost                    $207,000

BUSINESSOWNERS PROPERTY COVERAGE

DEDUCTIBLE AMOUNT:   Businessowners Property Coverage   $2,500 per occurrence

**BUSINESSOWNERS PROPERTY COVERAGE
SPECIAL FORM**

Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.

* * *

**A.  Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss.

* * *

**4.  Covered Causes of Loss**

RISKS OF DIRECT PHYSICAL LOSS unless the loss is:

a.      Limited in Paragraph A.5., Limitations; or

b.      Excluded in Paragraph B., Exclusions.

* * *

**B.      Exclusions**

1.      We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affect a substantial area.

* * *

**b.      Earth Movement**

* * *

(4) Earth sinking (other than sinkhole collapse), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and the action of water under the ground surface;

All whether naturally occurring or due to manmade or other artificial causes.

\* \* \*

**h.    Neglect**

Neglect of an insured to use reasonably means to save and preserve property from further damage at and after the time of loss.

\* \* \*

2.    We will not pay for a loss or damage caused by or resulting from any of the following:

a.    Artificially generated electrical current, including electric arcing that disturbs electrical devices, appliances or wires unless caused by a "specified cause of loss."

But if artificially generated electrical current results in fire, we will pay for the loss or damage caused by that fire.

\* \* \*

d.    (1)    Wear and tear;

(2)    Rust, corrosion, fungus, decay, deterioration, wet or dry rot, mold, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

\* \* \*

*(as deleted and replaced by endorsement MP T4 79 02 11)*

(4)    Settling, cracking, shrinking, bulging or expansion of pavements, foundations, walls, floors, roofs, ceilings, curbs, fences, retaining walls or swimming pools;

* * *

*(as endorsed by MP T1 02 02 05.)*

3.      We will not pay for loss or damage caused by or resulting from any of the following under Paragraphs a. through c.  But if an excluded cause of loss that is listed in Paragraphs a. and b. below results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that covered Cause of Loss.

      a.      Weather conditions, but this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph B.1. above to produce the loss or damage.

* * *

      c.      Faulty, inadequate or defective:

            (1)      Planning, zoning, development, surveying, siting;

            (2)      Design, specification, workmanship, repair, construction, renovation, remodeling, grading, compaction;

            (3)      Materials used in repair, construction, renovation or remodeling; or

            (4)      Maintenance.

      of or all of any property on or off the described premises.

      If an excluded cause of loss that is listed in Paragraphs (1) through (4) above results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that Covered Cause of Loss.  But we will not pay for:

            (1)      Any cost of correcting or making good the fault, inadequacy or defect itself, including any cost incurred to tear down, tear out, repair or replace any part of any property to correct the fault, inadequacy or defect; or

            (2)      Any resulting loss or damage by a Covered Cause of Loss to the property that has the fault, inadequacy or defect until the fault, inadequacy or defect is corrected.

* * *

**C.    LIMITS OF INSURANCE**

    1.   The most we will pay for loss or damage in any one occurrence is the applicable Limit of Insurance shown in the Declarations, Schedules, Coverage Forms, or endorsements.

* * *

**D.    DEDUCTIBLES**

    1.   We will not pay for loss or damage in any one occurrence until the amount of loss or damage exceeds the Businessowners Property Coverage Deductible shown in the Declarations.  We will then pay the amount of covered loss or damage in excess of that Deductible.  But we will not pay more than the applicable Limit of Insurance.

* * *

**E.    PROPERTY LOSS CONDITIONS**

    The following conditions apply in addition the Common Policy Conditions:

* * *

*(as endorsed by MP T4 79 02 11):*

    **2.    Appraisal**

        If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand.  The two appraisers will select an umpire.  If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction.  Each appraiser will state the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding as to the amount of loss.  Each party will:

        a.   Pay its chosen appraiser; and
        b.   Bear the other expenses of the appraisal and umpire equally.

        If there is an appraisal:

        a.   You will still remain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us COMMERCIAL PROPERTY CONDITION; and

        b.   We will still retain our right to deny the claim.

*(as endorsed by MP T1 02 02 05):*

**3.**      **Duties in the Event of Loss or Damage**

    a.    You must see that the following is done in the event of loss or damage to Covered Properties:

        (2)    Give us prompt notice of the loss or damage.  Include a description of the property involved.

        (3)    As soon as possible, give us a description of how, when and where the loss or damage occurred.

        (4)    Take all reasonable steps to protect the covered Property from further damage, and keep a record of your expenses necessary to protect the covered Property, for consideration in the settlement of the claim.  This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss….

* * *

**4.**      **Loss Payment – Building and Personal Property**

    a.  In the event of loss or damage covered by this coverage Form, at our option, we will either:

    (1) Pay the value of lost or damaged property;

    (2) Pay the cost of repairing or replacing the lost or damaged property, subject to paragraph **b.** below;

    (3) Take all or any part of the property at an agreed or appraised value; or

    (4) Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of Paragraph e. below or any applicable provision which amends or supersedes these valuation conditions.

b.   The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property, except as provided under the Ordinance or Law Additional Coverage.

\* \* \*

e.   We will determine the value of Covered Property in the event of covered loss or damage as follows:

(1) At replacement cost (without deduction for depreciation), except as provided in Paragraphs (2) through (18) below.

(a) You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis.  In the vent you elect to have loss or damage settled on an actual cash value basis, you may still make a claim on a replacement cost basis if you notify us of your intent to do so within 180 days after the loss or damage.

(b) We will not pay on a replacement cost basis for any loss or damage:

(i)  Until the lost or damaged property is actually repaired or replaced; and

(ii) Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.

\* \* \*

(c) We will not pay more for loss or damage on a replacement cost basis than the least of Paragraphs (i), (ii) or (iii) subject to Paragraph (d) below:

(i)  The Limit of Insurance applicable to the lost or damaged property;

        (ii) The cost to replace the lost or damaged property with other property:

            a)  of comparable material and quality; and

            b)  used for the same purpose; or

        (iii)The amount actually spent that is necessary to repair or replace the lost or damaged property.

* * *

        (d) The cost of repair or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

* * *

**F.**     **COMMERCIAL PROPERTY CONDITIONS**

    **3.**  **Insurance Under Two or Move Coverages**

       If two or more coverages under this Coverage Form apply to the same loss or damage, we will not pay more than the actual amount of the loss or damage.

*(as deleted and replaced by endorsement MP T4 79 02 11)*

    **4.**  **Legal Action Against Us**

       No one may bring a legal action against us under this Coverage Form unless:

     a.  There has been full compliance with all of the terms of this Coverage Form; and

     b.  The action is brought within 2 years and one day from the date the cause of action first accrues on the date of the initial breach of our contractual duties as alleged in the action.

* * *

*(as endorsed by MP T1 02 02 05.)*

   **7.    Other Insurance**

   a.   You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Form.  If you do, we will pay our share of the covered loss or damage.  Our share is the proportion that the applicable Limit of Insurance under this Coverage Form bears to the Limits of Insurance of all insurance covering on the same basis.
   b.   If there is other insurance covering the same loss or damage, other than that described in Paragraph a. above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you an collect on it or not.  But we will not pay more than the applicable Limit of Insurance.

*(as endorsed by Common Policy Conditions, IL T3 15 09 07):*

## COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions:

* * *

   **H.    INSURANCE UNDER TWO OR MORE COVERGE PARTS**
   If two or more of this policy's Coverage Parts apply to the same loss or damage, we will not pay more than the actual amount of the loss or damage.

   Travelers reserves the right to assert any other Policy defenses as discovery in this case

advances.

<b>THIRD DEFENSE</b><br><b><i>Bona Fide</i> Controversy/Liability Not "Reasonably Clear"</b>

   As to all of Plaintiff's extra-contractual claims alleging violations of the Texas Insurance

Code and DTPA, and all other extra-contractual claims, Travelers would show that a *bona fide*

controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance

benefits.

## FOURTH DEFENSE
### Due Process

To the extent Plaintiff prays for punitive or exemplary damages, Travelers invokes its rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution. Travelers affirmatively pleads that Plaintiff's claim for punitive or exemplary damages violates the Due Process Clauses of the Fifth and Fourteenth Amendments inasmuch as:

1. Punitive or exemplary damages can be assessed in an amount left to the discretion of the jury and judge;

2. A jury award of punitive or exemplary damages need only be based on the vote of ten jurors and does not require a unanimous verdict;

3. To obtain an award of punitive or exemplary awards, Plaintiff need only prove the theory of gross negligence on a clear and convincing evidence standard and not beyond a reasonable doubt as should be required when punishment awards are assessed;

4. Travelers and its officers, all of whom are subject to any award, do not have the right to refuse to testify against themselves, but must in fact take the stand or give deposition testimony or subject the company to the consequences of a default judgment;

5. The assessment of punitive or exemplary damages is not based on a clearly defined statutory enactment setting forth a specific intentionality requirement or the specific prerequisites of such a finding and in effect, such damages can be awarded even though there are no special standards, limits or other statutory requirements to define the means, scope and limit of such awards, rendering such awards unduly vague and unsupportable under the requirements of due process; and

6. In essence, Travelers is subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but Sentinel receives none of the basic rights accorded to criminal defendants when they are subjected to possible criminal penalties.

**FIFTH DEFENSE**
**Equal Protection**

To the extent Plaintiff prays for punitive or exemplary damages, such request should be denied as a violation of Travelers' equal protection rights guaranteed by the Fifth Amendment and Fourteenth Amendment to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

**SIXTH DEFENSE**
**Punitive Damage Limitation**

With respect to Plaintiff's claim for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code § 41.002-41.009.

**SEVENTH DEFENSE**
**Damage Limitation**

Plaintiff's damages, if any, are limited by the amount set forth in the policy limitation provisions of the applicable insurance policy, all applicable deductibles, valuation, and "period of restoration" provisions. Plaintiff's contract damages cannot exceed the applicable policy limits.

**EIGHTH DEFENSE**
**Absence of Coverage Precludes Extra-Contractual Liability**

The existence of coverage for Plaintiff's underlying insurance claim is necessary to establish a basis for Plaintiff's claims of Texas Insurance Code and DTPA violations and other extra-contractual liability claims. Because Plaintiff's allegations are generally based on Travelers'

alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions, or the absence of coverage for Plaintiff's underlying insurance claim precludes Plaintiff's Texas Insurance Code, DTPA and all other extra-contractual claims against Travelers.

**NINTH DEFENSE**
**Failure to Satisfy Conditions Precedent**

Plaintiff did not plead with specificity, the performance or occurrence of all conditions precedent. Travelers demands strict proof that each and every condition precedent was performed or has occurred. To the extent a policy exists that provides coverage to Plaintiff, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with all conditions precedent to any right to recover under the insurance policy. Specifically, Plaintiff has failed to prove that the alleged loss was a covered loss, and Plaintiff has failed to segregate the portion of the alleged loss that she claims is covered from the portion of the alleged loss that is not covered.

**TENTH DEFENSE**
**Statute of Limitations**

Pursuant to Fed. R. Civ. P. 8, Travelers pleads the affirmative defense of statute of limitations barring Plaintiff's claims and suit pursuant to Tex. Bus. & Com. Code §17.565 and/or §15.50(c) and (d), and Tex. Insur. Code §541.162, and Tex. Civ. Prac. & Rem. Code §16.003(a), and the Policy's contractual limitations for any alleged breach of contract action as cited above, Second Defense of Policy Provisions Limit or Preclude Coverage, page 10.

**ELEVENTH DEFENSE**
**Credit and Offset**

In the unlikely event Plaintiff should prevail on any of her claims and be awarded any damages, Travelers expressly pleads for and is entitled to a credit and offset for all amounts previously paid to Plaintiff by Travelers or third parties.

**TWELFTH DEFENSE**
**Payments/Accord and Satisfaction**

Alternatively, and without waiving the foregoing, Travelers affirmatively pleads the defenses of payment, and accord and satisfaction. Any previous payments to Plaintiff are a defense to Plaintiff's claims for damages. Any previous payments to Plaintiff are an accord and satisfaction of Plaintiff's damages to the extent of those payments.

**THIRTEENTH DEFENSE**
**Reservation of Right to Invoke Appraisal**

To the extent that Plaintiff presents evidence inconsistent with Travelers' investigation and conclusions regarding the amount of loss or cost of repair under the Policy, and the parties are unable to reach an agreement to resolve this matter, Travelers' reserves, and does not waive, the right of any party to invoke appraisal. The Policy contains an appraisal clause allowing either party to the insurance policy contract to invoke the appraisal process in the event that there is a disagreement concerning the amount of loss for covered losses under the policy.

WHEREFORE, PREMISES CONSIDERED, Defendant Travelers Casualty Insurance Company of America prays that upon final trial and hearing Plaintiff take nothing, that Travelers recover its costs, fees, and expenses, and for such other further relief to which Travelers may show itself justly entitled, both in law and at equity.

Respectfully submitted,

LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD

By: */s/ Rebecca A. Moore*
  Rebecca A. Moore
  Texas Bar No. 24031701
  801 Travis Street, Suite 1800
  Houston, Texas 77002
  Telephone:  (713) 222-1990
  Facsimile:   (713) 222-1996

  ATTORNEY-IN-CHARGE FOR DEFENDANT
  TRAVELERS CASUALTY INSURANCE
  COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded via electronic service, facsimile, and/or certified mail/return receipt requested, on this the 7th day of February, 2018 to:

Mr. David K. Sergi
SERGI & ASSOCIATES, P.C.
329 South Guadalupe
San Marcos, Texas 78666

Ms. Anita Kawaja
Law Offices of Anita Kawaja
6030 Claridge Dr.
Houston, Texas 77096

  */s/ Rebecca A. Moore*
  Rebecca A. Moore