IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LILLIAN SMITH, §
§
    Plaintiff, §
§
v. § CIVIL ACTION NO. H-16-1527
§
TRAVELERS CASUALTY INSURANCE §
COMPANY OF AMERICA, §
§
    Defendant. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lillian Smith ("Plaintiff" or "Smith") sued defendant Travelers Casualty Insurance Company of America ("Defendant" or "Travelers") in the 25th Judicial District Court of Gonzales County, Texas.[1] Defendant timely removed to this court.[2] Pending before the court is Defendant's Motion for Summary Judgment - Statute of Limitations ("Defendant's MSJ") (Docket Entry No. 27). For the reasons stated below, Defendant's MSJ will be granted and this action will be dismissed with prejudice.

I. **Background**

Plaintiff alleges that a lightning strike caused damage to the foundation and the air conditioning unit at her commercial property

---

[1] See Plaintiff's Original Petition and Request for Disclosure ("Original Petition"), Exhibit 3 to Notice of Removal, Docket Entry No. 1-3.

[2] See Notice of Removal, Docket Entry No. 1.

located at 15 Houston Street, Westhoff, Texas 77994 ("Property").[3] Plaintiff reported the claim to Defendant on September 5, 2013, and Defendant acknowledged the claim by letter on September 7, 2013.[4] Defendant retained engineers in September of 2013 to inspect the air conditioning unit and the foundation.[5] After speaking with Plaintiff several times in September and October of 2013,[6] Defendant issued a letter denying coverage under the insurance policy's first-party property coverage on November 13, 2013.[7] Plaintiff retained her own engineer who examined the Property on December 2, 2014, and issued a report that concluded that the damage to the air conditioning unit and the foundation resulted from the lightning strike.[8]

---

[3]Original Petition, Exhibit 3 to Defendant's Notice of Removal, Docket Entry No. 1-3, pp. 2-3 ¶ 9.

[4]Claim Acknowledgment, Exhibit C to Defendant's MSJ, Docket Entry No. 27-3, p. 1.

[5]See Original Petition, Exhibit 3 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 3 ¶ 10; Travelers' Claim Log, Exhibit E to Defendant's MSJ, Docket Entry No. 27-5, p. 1; Travelers' Claim Log, Exhibit F to Defendant's MSJ, Docket Entry No. 27-6, p. 1.

[6]Traveler's Claim Log, Exhibit F to Defendant's MSJ, Docket Entry No. 27-6, p. 1; Travelers' Claim Log, Exhibit I to Defendant's MSJ, Docket Entry No. 27-9, p. 1.

[7]Travelers' Denial of Coverage Letter to Smith, Exhibit K to Defendant's MSJ, Docket Entry No. 27-11, pp. 1-3.

[8]See Original Petition, Exhibit 3 to Defendant's Notice of Removal, Docket Entry No. 1-3, pp. 3-4 ¶¶ 11-13; April 24, 2014, Preliminary Letter Report of Structural Inspection, Exhibit BB to Travelers' Reply to Plaintiff's Response to Motion for Summary Judgment ("Defendant's Reply"), Docket Entry No. 38-1, pp. 9-16.

Plaintiff filed this action on January 25, 2016, asserting claims for violations of the Texas Deceptive Trade Practices Act ("DTPA") and the Texas Insurance Code, and breach of contract.[9] Defendant filed its Motion for Summary Judgment on Limitations on February 27, 2018.[10]

## II. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam) (quoting

---

[9]Original Petition, Exhibit 3 to Defendant's Notice of Removal, Docket Entry No. 1-3, pp. 4-6.

[10]See Defendant's MSJ, Docket Entry No. 27.

Celotex, 106 S. Ct. at 2553). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Id. If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). The court resolves factual controversies in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

### III. Analysis

Defendant argues that it is entitled to summary judgment because the statute of limitations bars all of Plaintiff's claims.[11] Plaintiff responds that Defendant has waived its limitations

---

[11] See Defendant's MSJ, Docket Entry No. 27, pp. 7-11.

defense and that its causes of action fall within the limitations periods because the accrual dates have been tolled.[12]

## A. Waiver of Limitations Defense

Federal Rule of Civil Procedure 8(c) requires a defendant to affirmatively plead the statute of limitations in its responsive pleading. Fed. R. Civ. P. 8(c). "Failure to comply with this rule may result in waiver." Motion Medical Technologies, L.L.C. v. Thermotek, Inc., 875 F.3d 765, 771 (5th Cir. 2017). A technical failure to comply with Rule 8(c) does not result in waiver if "(1) the defendant raised the affirmative defense at a pragmatically sufficient time, and (2) the plaintiff was not prejudiced in its ability to respond." Id. (internal citations and quotations omitted). Moreover, a failure to comply with Rule 8(c) is not waived if "the failure was corrected by amendment[,]" unless the court erred in permitting the amendment. Combee v. Shell Oil Co., 615 F.2d 698, 700-01 (5th Cir. 1980).

Defendant's First Amended Answer includes a defense entitled "Policy Provisions Limit or Preclude Coverage" in which Defendant includes the Legal Action Clause.[13] In Defendant's Second Amended

---

[12]Plaintiff's Response in Opposition to Defendant's Motion for Final Summary Judgment ("Plaintiff's Response"), Docket Entry No. 37, pp. 8-15.

[13]See Travelers Casualty Insurance Company of America's First Amended Answer, Docket Entry No. 19, pp. 4, 10 ("No one may bring a legal action against us under this Coverage Form unless: . . .
(continued...)

-5-

Answer, filed on February 7, 2018, Defendant affirmatively pleads the statute of limitations as an affirmative defense.[14] Although Defendant did not file its Second Amended Answer until more than two years after Plaintiff filed her Original Petition, Plaintiff consented to Defendant's amendment of its pleadings.[15] To the extent that Defendant failed to plead the limitations defense in its First Amended Answer, Defendant cured any failure to raise limitations by subsequent amendment and thus has not waived its limitations defense.

**B.  Accrual Date of Statute of Limitations**

The statutes of limitations for Plaintiff's state law claims are governed by Texas law. Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1369 (5th Cir. 1994). "Under Texas law, the party asserting that a claim is barred by the statute of limitations bears the burden of proof on this issue." Capitol One, N.A. v. Custom Lighting & Electric,

---

[13](...continued)
The action is brought within 2 years and one day from the date the cause of action first accrues . . . .").

[14]See Travelers Casualty Insurance Company of America's Second Amended Answer ("Defendant's Second Amended Answer"), Docket Entry No. 24, p. 15 ("Pursuant to Fed. R. Civ. P. 8, Travelers pleads the affirmative defense of statute of limitations barring Plaintiff's claims and suit . . . .").

[15]See Emails Re: Lillian Smith - pleadings; Exhibit AA to Defendant's Reply, Docket Entry No. 38-1, p. 3 (Defendant's Counsel: "I would like to clean up the pleadings. Will you agree to me doing so?" Plaintiff's Counsel: "Yes, I agree.").

Inc., 2010 WL 4923470 at *3 (S.D. Tex. Nov. 29, 2010) (citing KPMG Peat Marwick v. Harrison County Housing Finance Corp., 988 S.W.2d 746, 748 (Tex. 1999)). "A defendant who seeks summary judgment on the basis of limitations must conclusively prove when the plaintiff's cause of action accrued." Seureau v. ExxonMobil Corp., 274 S.W.3d 206, 226 (Tex. App.--Houston [14th Dist.] 2008) (citing KPMG, 988 S.W.2d at 748).

1. Limitations Periods

Under Texas law the statute of limitations for a breach of contract action is four years from the day the action accrues. Tex. Civ. Prac. & Rem. Code § 16.004(a). However, this limitations period may be contractually modified as long as the period is at least two years. Id. § 16.070(a) ("A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state."). The insurance policy issued by Defendant provides for a statute of limitations of "2 years and one day from the date the cause of action first accrues . . . ."[16] Because the Policy sets the limitations period at two years and one day, and because Plaintiff does not argue that the Policy is void, Plaintiff must have filed her breach of contract claim within two years and one day from the accrual date.

Plaintiff argues that a four-year statute of limitations should apply to its claims under the Texas Insurance Code because

---

[16]Texas Changes, section D.b., Exhibit B to Defendant's MSJ, Docket Entry No. 27-2, p. 52.

Article 21.55 of the Texas Insurance Code does not provide a limitations period, and because "[w]hile Article 21.21 of the Texas Insurance Code includes a specific, two-year statute of limitations, it does not control in the present case."[17] However, Plaintiff does not allege violations of Article 21.21 or 21.55, and those articles have been repealed. See Tex. Ins. Code arts. 21.21, 21.55 (Repealed by Acts 2003, 78th Legislature, ch. 1274, § 26(a)(1)). Plaintiff alleges that Defendant violated Sections 541.060(a)(2)(A), (a)(2)(B), (a)(3), (a)(4)(A), and (a)(4)(B) of the Texas Insurance Code.[18] Causes of action for violation of the Texas Insurance Code are subject to a two-year statute of limitations. Tex. Ins. Code § 541.162(a) ("A person must bring an action <u>under this chapter</u> before the second anniversary . . .") (emphasis added).

Causes of action for violation of the Texas Deceptive Trade Practices Act are subject to a two-year statute of limitations. Tex. Bus. & Com. Code § 17.565 ("All actions brought under this subchapter must be commenced within two years . . ."); see also Provident Life and Accident Insurance Co. v. Knott, 128 S.W.3d 211, 221 (Tex. 2003). Therefore, Plaintiff's contract claim must have been brought within two years and one day of the accrual date, and Plaintiff's claims for violations of the DTPA and the Texas

---

[17]Plaintiff's Response, Docket Entry No. 37, p. 11.

[18]Original Petition, Exhibit 3 to Defendant's Notice of Removal, Docket Entry No. 1-3, p. 5 ¶ 16.

Insurance Code must have been brought within two years of the accrual date.

### 2. Accrual Dates

Defendant argues that the statute of limitations began to accrue on November 13, 2013 -- the date that Defendant issued its Denial of Coverage Letter.[19] Plaintiff responds that the statute of limitations was tolled "because Travelers' continued to investigate Plaintiff's claim for several years after the purported November 13, 2013 denial date . . . ."[20]

#### a. Applicable Law

Ordinarily a claim accrues "when [a] plaintiff has a complete and present cause of action. In other words, the limitations period generally begins to run at the point when the plaintiff can file suit and obtain relief." Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1969 (2014) (citations and quotations omitted). "Under the legal-injury rule, a cause of action generally accrues when a wrongful act causes some legal injury, regardless of when the plaintiff learns of the injury, and even if all resulting damages have not yet occurred." Seureau, 274 S.W.3d at 226.

Causes of action for breach of first-party insurance contracts and violations of the DTPA and the Texas Insurance Code accrue on

---

[19]Defendant's MSJ, Docket Entry No. 27, pp. 9, 10.

[20]Plaintiff's Response, Docket Entry No. 37, pp. 10-11.

the date the insurer denies the insured's claim. Citigroup Inc. v. Federal Insurance Co., 649 F.3d 367, 373 (5th Cir. 2011) (citing Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828-29 (Tex. 1990)); Provident Life and Accident Insurance Co. v. Knott, 128 S.W.3d 211, 221 (Tex. 2003). But "when there is no outright denial of a claim, the exact date of accrual of a cause of action . . . should be a question of fact to be determined on a case-by-case basis." Knott, 128 S.W.3d at 221-22 (internal quotations and citations omitted). A notice of denial does not need to include "magic words" of denial "if an insurer's determination regarding a claim and its reasons for the decision are contained in a clear writing to the insured." Id. at 222. "[C]losing a claim file [also] constitutes an outright denial of coverage and triggers the limitations period." De Jongh v. State Farm Lloyds, 664 F. App'x 405, 409 (5th Cir. 2016). Reopening the claim upon the insured's request does not change the accrual date for purposes of limitations. Id. "Even if the insurance company is willing to review additional information, if it does not change its position on the claims, the limitations period is not tolled or extended." Morales v. Lloyd's, Civil Action No. 7:14-1001, 2016 WL 7734651 at *4 (S.D. Tex. March 30, 2016) (citing Castillo v. State Farm Lloyds, 210 F. App'x 390, 394 (5th Cir. 2006)). However, the insurance company may not "string[] an insured along without denying or paying a claim." Knott, 128 S.W.3d at 222 (citing

Kuzniar v. State Farm Lloyds, 52 S.W.3d 759, 761 (Tex. App.--San Antonio 2001, pet. denied).

Texas courts have held that some circumstances warrant tolling the accrual date. For example, in Pena v. State Farm Lloyds one of the insured's claims for damages from slab foundation movement was expressly denied, but over a year later the insured made an additional claim under a new claim number for damages related to the same slab foundation movement. 980 S.W.2d 949, 954 (Tex. App.--Corpus Christi, 1998, reh'g overruled). The insurance company investigated the second claim and made payments on it. Id. The court held that "[b]ecause the slab foundation problems were essentially on-going, and its subsequent reinvestigation of and partial payment for the same reported problems, it appears that the denial of the [first] claim was effectively reconsidered and withdrawn by [the insurance company], thus resetting the starting date for limitations." Id.

    b.    Application

Unlike in Pena, the evidence before the court shows that Plaintiff never made a claim for additional damages, Defendant made no additional payments and never reopened the claim, and there is no evidence that otherwise indicates that Defendant changed its decision to deny coverage. Defendant expressly denied Plaintiff's claim in its Denial of Coverage Letter when it stated "we will be unable to provide coverage for your claim as the damages sustained

are excluded in the policy."[21] In December of 2013 Plaintiff hired an engineer to inspect the damage to her property and prepare a report.[22] In August of 2014 Plaintiff requested that Defendant reconsider the denial of coverage in light of Plaintiff's engineer's report and pay $750,000, otherwise Plaintiff would file suit.[23] Defendant responded on October 13, 2014, stating "[w]hile your letter does not contain any additional or different information <u>which would cause Travelers to change its position in this matter</u>, if you will provide me some dates that the property is available for inspection, we will hire a third engineer to conduct an investigation . . . ."[24] On April 9, 2015, Defendant sent Plaintiff the report from its third engineer.[25]

Any requests by Plaintiff to reinvestigate its claim and any subsequent review by Defendant have no effect on the statute of

---

[21]See Denial of Coverage Letter, Exhibit K to Defendant's MSJ, Docket Entry No. 27-11, pp. 1-3.

[22]See April 24, 2014, Preliminary Letter Report of Structural Inspection, Exhibit BB to Defendant's Reply, Docket Entry No. 38-1, pp. 9-16.

[23]August 11, 2014, Letter Notice of Smith's Claim against Travelers, Exhibit BB to Defendant's Reply, Docket Entry No. 38-1, pp. 4-7.

[24]Travelers' October 13, 2014, Response to Notice of Smith's Claim, Exhibit F to Plaintiff's Response, Docket Entry No. 37-6, p. 1 (emphasis added).

[25]See April 9, 2015, Email from Rebecca Moore to David Sergi, Exhibit G to Plaintiff's Response, Docket Entry No. 37-7, p. 1 ("Please find attached the evaluation report from Acute Engineering for your review."). Neither party has provided the court with the engineer's report. However, Defendant argues that the report "supported its denial of coverage" and Plaintiff does not dispute that assertion.

limitations because Defendant did not alter its original decision to deny coverage. Even were the court to conclude that Defendant's third engineer's report constituted a formal denial, a second denial issued after Plaintiff's request for reconsideration does not restart the limitations period. Pace v. Travelers Lloyds of Texas Insurance Co., 162 S.W.3d 632, 635 (Tex. App.--Houston [14th Dist.] 2005, no pet.). The court concludes that Plaintiff fails to raise a genuine issue of material fact as to tolling of limitations. Because Defendant denied Plaintiff's claim in its Denial of Coverage Letter and because Defendant never changed its position on the claim, the limitations period for all of Plaintiff's causes of action accrued on November 13, 2013.

## IV. Conclusions and Order

Because Plaintiff filed suit on January 25, 2016, after the statute of limitations had elapsed on each of Plaintiff's causes of action, Defendant is entitled to summary judgment.[26] Accordingly, Defendant's Motion for Summary Judgment — Statute of Limitations (Docket Entry No. 27) is **GRANTED**.

**SIGNED** at Houston, Texas, on this the 10th day of July, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[26]Travelers also filed Defendant's Motion for Summary Judgment on Causation (Docket Entry No. 41). Because the court will grant Defendant's Motion for Summary Judgment on limitations, Defendant's Motion for Summary Judgment on Causation is moot.

-13-